# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| **THOMAS LYNN,** | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:20-cv-847 ) |
| **ISD RENAL, INC., d/b/a WESTPORT RENAL CENTER, and DAVITA, INC., d/b/a DAVITA WESTPORT RENAL CENTER; d/b/a DAVITA INTEGRATED KIDNEY CARE; d/b/a VILLAGEHEALTH DM, LLC; d/b/a RMS DM, LLC,** | ) ) ) ) ) ) ) |
| Defendants. | ) |

## JOINT NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446, Defendants ISD Renal, Inc. ("ISD Renal") and DaVita, Inc. ("DaVita") (collectively "Defendants"), file this Notice of Removal ("Notice") to the United States District Court for the Western District of Missouri, Western Division. Removal is proper based on the following grounds:

**I.      Facts**

1.    On or about August 27, 2020, Plaintiff Thomas Lynn ("Plaintiff") initiated a civil action captioned *Thomas Lynn v. ISD Renal, Inc. et al.*, Civil Action No. 2016-CV17647, in the Circuit Court of Jackson County, Missouri (the "State Court Action").

2.    Plaintiff's Petition for Damages ("Petition") alleges the following causes of action against Defendants: (1) Count I - violation of R.S.Mo. Section 290.140 and (2) Count II - Breach of Contract - Failure to Pay Unused PTO.

3.    The Civil Cover Sheet associated with this Notice is attached hereto as <u>Exhibit A</u>.

4. True and correct copies of all the process, pleadings, and orders in the State Court Action that have been filed to date are attached hereto as Exhibit B.

5. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within thirty (30) days after service of process on Defendants. Defendant ISD Renal was served with process on or about September 21, 2020 and Defendant DaVita was served with process on or about September 23, 2020. *See* Exhibit B.

6. The Defendants have not filed an Answer or other pleading in the State Court Action.

## II. This Court has Diversity Jurisdiction.

7. Plaintiff alleges that he is a resident of the state of Missouri. Petition ¶ 3. Therefore, Defendants believe in good faith that Plaintiff is a citizen of the State of Missouri for purposes of diversity jurisdiction.

8. Defendant ISD Renal is incorporated in the state of Delaware and has its principal place of business in the state of Tennessee. Defendant DaVita is incorporated in the state of Delaware and has its principal place of business in the state of Colorado. Thus, Defendants are citizens of a state other than Missouri.

9. Complete diversity therefore exists among the parties to the Petition.

## III. Amount in Controversy.

10. The standard for determining whether a plaintiff's claim meets the amount in controversy is "whether the fact finder might legally conclude" that a plaintiff's damages are greater than $75,000. *Quinn v. Kimble*, 228 F. Supp. 2d 1038, 1040 (E.D. Mo. 2002); *see also Moss v. Casey's General Stores, Inc.*, Case No. 07-00300-CV-W-FJG, 2007 WL 2084112, at *2 (W.D. Mo., July 17, 2007 (stating same) (citation and quotation omitted).

2

11. Courts consider compensatory damages, punitive damages, and attorneys' fees in determining whether the amount in controversy exceeds $75,000. *See Allison v. Sec. Ben. Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992); *Capital Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992).

12. Plaintiff's Petition alleges a violation of Missouri's "Service Letter Law" and asserts that Defendants failed to issue a requested letter in violation of R.S.Mo. § 290.140. Plaintiff's Petition seeks nominal, punitive, and other damages as a result of the alleged violation. While Plaintiff's Petition does not allege a specific amount of damages sought, based upon the allegations in his Petition – seeking nominal and punitive damages – the amount in controversy exceeds $75,000.

13. Based on the allegations contained in Plaintiff's Petition and the foregoing, and upon information and belief, the amount in controversy in this civil action exceeds the $75,000.00 jurisdictional threshold set by 28 U.S.C. § 1332 by a preponderance of the evidence.

**IV.** **Venue is appropriate in this Court.**

14. Because there is complete diversity between the parties and the amount in controversy is in excess of $75,000, this Court has original jurisdiction over Plaintiff's claims, and the State Court Action is properly removable to federal court pursuant to 28 U.S.C. §§ 1332(a) and 1441(b).

15. Removal to this court is proper pursuant to 28 U.S.C. § 1441(a) because this Court is the federal district court embracing the Circuit Court of Jackson County, Missouri, where the State Court Action was filed. Removal to the Western Division of this Court is proper pursuant to Local Rule 3.2.

16. Defendants submit this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff including, but not limited to, improper service of process, lack of personal jurisdiction, or Plaintiff's failure to state any claims upon which relief may be granted.

17. A copy of this Notice of Removal has been served upon Plaintiff, and together with a copy of the Notice of Removal and supporting papers, will be filed with the Clerk of Court for the Circuit Court of Jackson County, Missouri.

## **JURY TRIAL**

18. Defendants designate Kansas City, Missouri as the place for the jury trial.

WHEREFORE, Defendants jointly pray that further proceedings in the Circuit Court of Jackson County, Missouri be discontinued and that Civil Action No. 2016-CV17647 now pending in the Circuit Court of Jackson County, Missouri be removed to the United States District Court for the Western District of Missouri, and that such Court assume full jurisdiction of such action as provided by law.

Dated: October 20, 2020

Respectfully submitted,

JACKSON LEWIS P.C.

*/s/ Karen R. Glickstein*
Karen R. Glickstein, MO Bar #37083
Camille L. Roe, MO Bar #65142
7101 College Blvd, Suite 1200
Overland Park, KS 66210
Telephone: (913) 981-1018
Facsimile: (913) 981-1019
Karen.Glickstein@jacksonlewis.com
Camille.Roe@jacksonlewis.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

       I hereby certify that on this 20th day of October 2020, a true copy of the foregoing Notice of Removal was filed with the Clerk of the Court using the CM/ECF system, with a copy sent via electronic mail to the following counsel of record for Plaintiff:

Martin M. Meyers
Leonard A. Stephens
THE MEYERS LAW FIRM, LC
4435 Main Street, Suite 503
Kansas City, MO 64111
mmeyers@meyerslaw.com
lstephens@meyerslaw.com

**ATTORNEYS FOR PLAINTIFF**

*/s/ Karen R. Glickstein*
**AN ATTORNEY FOR DEFENDANTS**