IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| THOMAS LYNN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:20-cv-00847-FJG |
| ) | |
| ISD RENAL, INC. d/b/a WESTPORT RENAL ) | |
| CENTER, et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' SUGGESTIONS IN SUPPORT OF THEIR PARTIAL MOTION TO DISMISS PLAINTIFF'S PETITION FOR FAILURE TO STATE A CLAIM**

**I.      INTRODUCTION**

Plaintiff's Petition should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim because the Petition fails to state a facially plausible claim for breach of contract as it does not contain allegations which plead the existence of an express or implied contract. To the extent Plaintiff relies on Defendants' employee handbook (or some policy contained in that handbook) as a contract, this reliance does not state a claim for relief under applicable law. Missouri courts have consistently held that employee handbooks are generally not considered contracts and cannot give rise to a breach of contract claim. Furthermore, Plaintiff's prayer for relief for punitive damages for a breach of contact claim should be dismissed because punitive damages are not recoverable in breach of contract claims.

**II.     FACTUAL BACKGROUND**

Plaintiff, a former employee of ISD Renal, filed the instant action in the Circuit Court of Jackson County, Missouri at Kansas City on August 27, 2020. In Count II of his Petition, Plaintiff

alleges breach of contract related to unpaid Paid Time Off ("PTO"). Specifically, Plaintiff pleaded in his Petition:

> 19. Moreover, Defendants' policies provide that an employee's final paycheck will include any remaining and unused PTO. *See* Exhibit C.
>
> 20. When Defendants terminated Plaintiff's employment, Plaintiff had remaining 240 hours of unused PTO. *See* Exhibit D.
>
> 21. However, Defendants did not compensate Plaintiff for his remaining and unused PTO when issuing him his final check.
>
> 22. As the right to PTO upon termination of the employer-employee relationship is a contractual right, Defendants breached Plaintiff's right to be compensated for his PTO, damaging Plaintiff. Therefore, Defendants are also liable to Plaintiff in an amount to compensate him for his remaining and unused PTO he accumulated by the end of his employment with Defendants.

Doc. # 1-2 at p. 5, Plaintiff's Petition at ¶¶ 19-22. On October 20, 2020, Defendant removed this action to this Court.

### III. ARGUMENT AND AUTHORITIES

#### A. Standard of Review

To withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must include more than mere conclusions and "formulaic recitations of the elements of a cause of action" – rather, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal quotations omitted).

Although the Court must take the allegations of the Petition as true and construe them in a light most favorable to Plaintiff when ruling on a motion to dismiss, the Court should nonetheless "ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868,

2

870 (8th Cir. 2002). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 129 S. Ct. at 1949-50. Dismissal under Rule 12(b)(6) is therefore appropriate when a complaint fails to allege facts establishing each element of its claim. *Iqbal*, 556 U.S. at 678-80; *Twombly*, 550 U.S. at 555-56. Applying this standard, Plaintiff has failed to state a claim.

    **B.** **Plaintiff Has Not Stated a Claim for Breach of Contract.**

To state a cause of action for breach of contract, the Petition must set forth the essential elements of a contract. *See Maddock v. Lewis*, 386 S.W.2d 406, 409 (Mo. 1965); *see also Johnson v. McDonnell Douglas Corp.*, 745 S.W.2d 661, 662 (Mo. banc 1988) ("The essential elements of a valid contract include offer, acceptance, and bargained for consideration."). Plaintiff's Petition does not allege that a valid contract existed and fails to set forth any of the necessary elements of a breach of contract claim under Missouri law. For this reason alone, Plaintiff's Petition fails to state a claim for breach of contract and Count II of Plaintiff's Petition should be dismissed.

To the extent Plaintiff's Petition relies on Defendants' employee handbook (or a PTO policy contained in that handbook) as the basis for his breach of contract claim, Plaintiff fails to state a claim upon which relief may be granted. "Under Missouri Law, employee handbooks are generally not considered contracts because they normally lack the traditional prerequisites of a contract." *Johnson v. Vatterott Educ. Ctrs.*, 410 S.W.3d 735, 738 (Mo. Ct. App. 2013) (citations omitted); *Doran v. Chand*, 284 S.W.3d 659. 664 (Mo Ct. App. 2009) (citations omitted) (stating "[a]n employer publishing a handbook is not a contractual offer to its employee."). Thus, Defendants' employee handbook cannot give rise to a breach of contract claim and Count II of Plaintiff's Petition should be dismissed.

Similarly, Plaintiff makes no attempt to assert that Defendants' employee handbook (or a

3

policy contained in the handbook) created an implied contract. The essential elements of quasi-contract are: (1) a benefit conferred upon the defendant by the plaintiff; (2) appreciation by the defendant of the fact of such benefit; (3) acceptance and retention by the defendant of that benefit under circumstances in which retention without payment would be inequitable. *Pitman v. City of Columbia*, 309 S.W.3d 395, 402 (Mo. Ct. App. 2010). Nowhere in Plaintiff's Petition does Plaintiff allege the essential elements of an implied contract. Thus, Plaintiff's Petition fails to state a plausible breach of contract claim and Count II of Plaintiff's Petition should be dismissed.[1]

To the extent the Court finds some form of a breach of contract claim has been properly pleaded by Plaintiff in Count II, punitive damages are not available for breach of contract. "Under Missouri law, '[t]he general rule is that punitive damages may not be recovered in breach of contract actions.'" *McNeil v. Best Buy Stores LP*, No. 13-1742, 2014 WL 2442145, at *2 (E.D. Mo. May 30, 2014) (quoting *American Equity Mortg. Inc. v. First Option Mortg., LLC*, 2009 WL 5220158 at *4 (E.D. Mo. Dec. 31, 2009). Accordingly, Plaintiff's prayer for relief for recovery of punitive damages should be dismissed.

## IV.   CONCLUSION

Taking all the allegations in the Petition as true, Plaintiff's Petition does not provide a facially plausible claim for breach of contract, and therefore, cannot survive a Rule 12(b)(6) motion. Accordingly, for the reasons stated above, Defendants respectfully request that this Court grant Defendants' Partial Motion to Dismiss Count II of Plaintiff's Petition, for their costs and fees

---

[1] Paragraph 19 of the Petition [Doc. 1-2 at p. 5] alleges that "Defendants' policies provide that an employee's final paycheck will include any remaining and unused PTO." This paragraph references Exhibit C to the Petition [Doc. 1-2 at p. 9], which is a document describing "Benefits Upon Separation from DaVita." Exhibit C contains handwritten notes (presumably Plaintiff's) noting that "PTO is a benefit & not paid out when terminated". These handwritten notes accurately reflect the policy that an individual whose employment is involuntarily terminated is not entitled to be paid out for accrued PTO.

incurred herein, and for any additional relief the Court deems proper.

Dated: October 27, 2020 　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　JACKSON LEWIS P.C.

　　　　　　　　　　　　　　　　　　　　　　　*/s/ Karen R. Glickstein*
　　　　　　　　　　　　　　　　　　　　　　　Karen R. Glickstein, MO Bar #37083
　　　　　　　　　　　　　　　　　　　　　　　Camille L. Roe, MO Bar #65142
　　　　　　　　　　　　　　　　　　　　　　　7101 College Blvd, Suite 1200
　　　　　　　　　　　　　　　　　　　　　　　Overland Park, KS 66210
　　　　　　　　　　　　　　　　　　　　　　　Telephone: (913) 981-1018
　　　　　　　　　　　　　　　　　　　　　　　Facsimile: (913) 981-1019
　　　　　　　　　　　　　　　　　　　　　　　Karen.Glickstein@jacksonlewis.com
　　　　　　　　　　　　　　　　　　　　　　　Camille.Roe@jacksonlewis.com

　　　　　　　　　　　　　　　　　　　　　**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

　　　I hereby certify that on this 27th day of October, 2020, a true and accurate copy of the foregoing was filed electronically via the Court's CM/ECF electronic filing system which will send a notice of electronic filing to the following counsel of record:

　　　Martin M. Meyers
　　　mmeyers@meyerslaw.com
　　　Leonard A. Stephens
　　　lstephens@meyerslaw.com
　　　The Meyers Law Firm, LC
　　　4435 Main Street, Suite 503
　　　Kansas City, Missouri 64111

　　　**ATTORNEYS FOR PLAINTIFF**

　　　　　　　　　　　　　　　　　　　　　　　*/s/ Karen R. Glickstein*
　　　　　　　　　　　　　　　　　　　　　　　**AN ATTORNEY FOR DEFENDANTS**